Godbee *vs.* Sapp.

McCay, Judge.

Homer V. Godbee, administrator, plaintiff in error, *vs.* George W. Sapp, defendant in error.

The admissions or declarations of an executor are only competent evidence as to his own acts after he became clothed with such trust, and do not

bind the estate which he represents in so far as they refer to what was told him by his testator during life.

Executors and administrators.    Admissions.    Evidence. Before Judge GIBSON.    Burke Superior Court.    November Term, 1873.

For the facts, see the decision.

CORKER & DICKSON, for plaintiff in error.

J. J. JONES, for defendant.

WARNER, Chief Justice.

This was an action brought by H. V. Godbee, administrator *de bonis non* with the will annexed of F. G. Godbee, deceased, against G. W. Sapp, on a promissory note for $1,650 00. The defendant pleaded that the note was given without any consideration. On the trial of the case, Jones, a witness for the defendant, was offered to prove "that Perkins said to witness at the time of the appraisement of the estate of deceased, F. G. Godbee, that F. G. Godbee, deceased, told him before his death, that he had never received from defendant the amount of the note given him by Sapp for the sum of $1,650 00." To the admission of the foregoing evidence, the plaintiff objected, which objection, was overruled by the court, and the plaintiff excepted. The jury, under the charge of the court, found a verdict for the defendant as to the amount of the $1,650 00 note. In our judgment, the court erred in admitting in evidence the declarations of Perkins, as to what he and Godbee said in relation to the $1,650 00 note. The admissions or declarations of Perkins were only admissible as to his own acts and conduct, after he became clothed with the trust as executor. What Godbee told him, was merely hearsay evidence, and should not have been received. The evidence as set forth in the bill of exceptions, was also objectionable on the ground that it did not tend to prove the failure of the consideration of the note. The evi-

dence as set forth in the bill of exceptions is, that Perkins said to the witness, that Godbee told him before his death that he had never received from the defendant, the amount of the note given him by Sapp for the sum of $1,650 00. Godbee.held Sapp's note for that amount, and if he had never received the amount of the note from Sapp the presumption would be that he still owed it. There is nothing in that evidence going to show a failure of the consideration of the note.

Let the judgment of the court below be reversed.